IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

04 APR -6 AM 10:06

JUANITA JOHNSON, et al.                )
                                       )
        Plaintiffs,                    )
                                       )
vs.                                    )   Case No. CV-04-TMP-224-S
                                       )
WYETH, a corporation; et al.           )
                                       )
        Defendants.                    )

**MEMORANDUM OPINION**

By order entered February 23, 2004, the magistrate judge to whom this case is assigned remanded the case to the Circuit Court of Jefferson County, Alabama, finding that the non-diverse individual defendant was not fraudulently joined and, therefore, that complete diversity was lacking. The remand order explicitly stayed its implementation for a period of fifteen (15) days in order to provide the parties with the opportunity to seek review of his non-dispositive order provided by Rule 72(a), F.R.Civ.P. Defendants availed themselves of that opportunity, filing objections on March 8, 2004. Although the court agrees with the magistrate judge's analysis and disposition of the remand issue, one aspect of the defendants' objections requires discussion, namely, whether a magistrate judge has the authority to order remand under 28 U.S.C. § 636(b)(1)(A). This court believes that he does.

At the outset, the court acknowledges that there is a split of authority on this question. Many courts have held that a remand order is not "dispositive" of any claim or defense, and thus, is a pretrial matter that a magistrate judge may "hear and determine," subject to review by a district judge. In fact, some do not even discuss the right of review. See <u>Williams v. Conseco, Inc.</u>, 57 F. Supp. 2d 1311, 1312-13 (S.D. Ala. 1999); <u>Bristol-Meyers Squibb Co. v. Safety National Casualty Corp.</u>, 43 F. Supp. 2d 734, 737 (E.D. Tex. 1999); <u>Wyatt v. Walt Disney World, Co.</u>, 1999 WL 33117255 (W.D.N.C. 1999); <u>Campbell v. International Business Machines</u>, 912 F. Supp. 116 (D.N.J. 1996); <u>North Jersey Savings & Loan Association v. Fidelity & Deposit Co. of Maryland</u>, 125 F.R.D. 96 (D.N.J. 1988); <u>MacLeod v. Dalkon Shield Claimants Trust</u>, 886 F. Supp. 16 (D. Or. 1995); <u>Vaquillas Ranch Co., Ltd. v. Texaco Exploration and Production, Inc.</u>, 844 F. Supp. 1156 (S.D. Tex. 1994); <u>Banbury v. Omnitrition Int'l, Inc.</u>, 818 F. Supp. 276 (D. Minn. 1993); <u>White v. State Farm Mut. Auto. Ins. Co.</u>, 153 F.R.D. 639 (D.Neb. 1993); <u>Long v. Lockheed Missiles & Space Co.</u>, 783 F. Supp. 249, 251 (D.S.C. 1992); <u>Winners Corp. v. Lafayette Life Ins. Co.</u>, 734 F. Supp. 812, 813 (M.D. Tenn. 1989). On the other hand, three circuit courts of appeals (not including the Eleventh Circuit) have held that remand orders are "dispositive" and beyond the authority of a magistrate judge to enter. See <u>In re U.S. Healthcare</u>, 159 F.3d 142 (3rd Cir. 1998); <u>Vogel v. U.S. Office Products Co.</u>, 258 F.3d 509 (6th Cir.

2

2001); <u>First Union Mortgage Corp. v. Smith</u>, 229 F.3d 992 (10th Cir. 2000). This court finds the reasoning of the above-cited district courts more persuasive than the reasoning of the above-cited courts of appeal. Without binding authority, this court goes with the district courts who, like this one, regularly rely on their magistrate judges.

Generally the courts favoring remand authority for magistrate judges look to the specific language of § 636(b)(1)(A) and note that remands are not listed as one of the pretrial matters *not* entrusted to magistrate judges. If Congress had wanted to place remand of removed cases beyond the "hear and determine" authority of magistrate judges, it could, should and would have listed it as one of the matters expressly excluded from that authority. Despite several amendments to the Federal Magistrate's Act over the years, Congress has not seen fit to insert such a limitation in magistrate judge authority. Aside from the artificial labels of "dispositive" and "non-dispositive" (which terms themselves do not appear anywhere in these provisions), nothing in §§ 636(b)(1)(A) and (B) limits the power of a magistrate judge to order a remand, unless it is the right of the parties to seek a review or "reconsideration" of a magistrate judge's order by the district court. As long as the remand order secures this right to seek a review by an Article III judge, there is certainly no constitutional infirmity, much less any policy reason, precluding the vesting of remand authority

in magistrate judges.[1]  Where such an opportunity is preserved, no party can complain about the remand if he fails to avail himself of the opportunity for review by a district judge.  There would be no purpose to be served by requiring a report and recommendation to the district judge and a subsequent order of remand by the district judge instead of a final order of remand by the magistrate judge subject to review by the district judge.  Why should the district judge be involved at all if no party timely objects to the order of remand?

The reasoning of the Supreme Court in the recent case of Roell v. Withrow, 538 U.S. 580, 123 S. Ct. 1696, 155 L. Ed. 2d 775 (2003), illustrates the point.  There, the Court held that the parties had implicitly consented to the exercise of full dispositive authority by a magistrate judge when they failed to object to the magistrate judge's conducting a trial and entering final judgment.  The Court reasoned:

---

[1] It should be noted that in at least two of the cases rejecting remand authority for magistrate judges, no provision had been made (or it was ignored) for securing the right of the parties to seek a review by a district judge.  In In re U.S. Healthcare, 159 F.3d 142 (3rd Cir. 1998), a local rule providing for a fifteen day objection period was violated when the case was remanded immediately upon entry of the magistrate judge's order, and in Vogel v. U.S. Office Products Co., 258 F.3d 509 (6th Cir. 2001), the remand order failed entirely to provide the opportunity for review.  Such immediate remand clearly does raise constitutional concerns about maintaining the Article III judge's duty to oversee the work of the magistrate judge.  Such a concern does *not* exist in this case, however, because the magistrate judge's remand order contained a stay to allow just such an opportunity for either party to seek a review before an Article III judge.

> When, as here, a party has signaled consent to the magistrate judge's authority through actions rather than words, the question is what outcome does better by the mix of congressional objectives. On the one hand, the virtue of strict insistence on the express consent requirement embodied in § 636(c)(2) is simply the value of any bright line: here, absolutely minimal risk of compromising the right to an Article III judge. But there is another risk, and insisting on a bright line would raise it: the risk of a full and complicated trial wasted at the option of an undeserving and possibly opportunistic litigant.

Id. at ___, 123 S. Ct. at 1705. The same risk is involved in cases like this one. Even though the explicit language of § 636(b)(1)(A) does not limit the authority of a magistrate judge to remand a case, the rationale used in cases disfavoring remand by magistrate judges would allow opportunistic litigants to wait and raise objections to a remand months or even years after the case was returned to state court by arguing that the magistrate judge's remand order was invalid for want of authority. The Supreme Court's opinion in Roell rejects such an outcome, making plain that inaction by a litigant can be taken as a waiver of rights or, indeed, a consent to particular action.

    Roell casts a new light on those cases disfavoring remand by magistrate judges by emphasizing not only that courts must look to the explicit language of the statutes dealing with magistrate authority, but also that such statutes should be read in light of the practical goal of vesting magistrate judges with sufficient authority to enable them to assist effectively in managing the

heavy caseload borne by the district courts. Reading § 636(b)(1)(A) as allowing magistrate judges to remand cases, subject to review by the district court, meets both goals. Such a reading of the statute relies on its express language, not the artificial label of whether something is "dispositive" or "non-dispositive," while also preserving the duty of the Article III judiciary to review and supervise the work of magistrate judges. Cases disfavoring remand authority for magistrate judges, therefore, are less persuasive after Roell, particularly given Roell's practical reading of the text of the Federal Magistrate Act.

This court also believes that the reasoning used by courts disfavoring remand authority for magistrate judges is flawed. Those cases rely upon the artificial distinction between "dispositive" and "non-dispositive" matters, a distinction that simply does not exist in the statute. Clearly some of the pretrial matters excluded from a magistrate judge's "hear and determine" authority are *not* case or claim dispositive (e.g., whether to grant or deny class certification), which is indicative of the meaninglessness of such a distinction. Labeling § 636(b)(1)(A) as concerned with "non-dispositive" matters, and § 636(b)(1)(B) as covering "dispositive" matters, does nothing more than to allow cases disfavoring remand authority to create a "straw man" argument that remand is the functional equivalent of a "dispositive" ruling

6

that magistrate judges cannot finally enter. No such test exists in the statute, however. Rather, Congress explicitly listed those matters, if any, it believed magistrate judges should not decide, leaving open for practical experience to teach what other matters should not be entrusted to magistrate judges. Remanding an improvidently removed case, subject to review by a district judge, is not one of those things Congress precluded magistrate judges from doing. *Expressio unius est exclusio alterius.*

The court believes that the magistrate judge in this case was within the authority granted him by § 636(b)(1)(A) to order remand as long as an opportunity was provided for any party to seek a Rule 72 review of the order. That was done in this case. Having reviewed the magistrate judge's remand order, the court cannot say that it is clearly erroneous or contrary to law, and thus, it will be affirmed by separate order.[2]

DONE this \_\_\_6th\_\_\_ day of April, 2004.

```
                                    /s/ William M. Acker
                                    _____
                                    WILLIAM M. ACKER, JR.
                                    UNITED STATES DISTRICT JUDGE
```

---

[2] Even if the court were to undertake a *de novo* review of the remand order, treating it only as a report and recommendation, the court would still find it correct and would accept the magistrate judge's recommendation to remand the case. See <u>Carter v. Wyeth</u>, CV-04-AR-0446-S, March 30, 2004.